# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SATA GMBH & CO. KG, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 17-CV-0294-CVE-MJX |
| | ) |
| JERRY HAUBER, | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Emergency <u>Ex Parte</u> Motion for Temporary Restraining and Seizure Order and for Preliminary Injunction (Dkt. # 3). Plaintiff is a German corporation that manufacturers paint spray guns and related painting equipment. Plaintiff alleges that defendant has been selling counterfeit versions of its spray guns. Plaintiff asks the Court to issue an <u>ex parte</u> temporary restraining order that enjoins defendant from using, selling, manufacturing, or importing counterfeit spray guns. Plaintiff also asks the Court to issue an <u>ex parte</u> seizure order under the Lanham Act, 15 U.S.C. § 1051 <u>et seq.</u>, ordering that plaintiff may seize evidence related to plaintiff's claims against defendant. Finally, plaintiff asks for a preliminary injunction.

The Court has reviewed plaintiff's motion for <u>ex parte</u> injunctive relief, and finds that its request for a temporary restraining order should be denied. "The issuance of a temporary restraining order or other preliminary injunctive relief is in within the sound discretion of the district court." <u>Sac & Fox Nation of Mo. v. LaFaver</u>, 905 F. Supp. 904, 906 (D. Kan. 1995). A court may issue an <u>ex parte</u> temporary restraining order only if "specific facts . . . show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why

it should not be required." Fed. R. Civ. P. 65(b)(1). Here, plaintiff argues that defendant is doing irreparable harm to plaintiff's goodwill and reputation and that if defendant is given notice he will likely destroy or hide key evidence and prevent plaintiff from obtaining any effective relief against him. To issue a temporary restraining order without notice to the adverse party is an extreme measure. According to the complaint, plaintiff has known about defendant's alleged counterfeit spray gun business since November 2016. Plaintiff has given the Court no reason to believe that some new harm that would justify the issuance of a temporary restraining order is imminent. Additionally, the Court is not persuaded by plaintiff's arguments that defendant will destroy evidence once he knows about this suit. Plaintiff sent defendant a letter in November 2016 telling him to cease selling counterfeit spray guns. Plaintiff alleges that defendant ignored the letter and continued to sell the spray guns. If anything, defendant's persistence in selling allegedly counterfeit products tends to show that defendant will not likely be motivated to destroy the spray guns when given notice of this suit. And plaintiff offers no reason to believe that defendant will destroy or hide evidence other than general assertions that individuals who sell counterfeit products tend to destroy evidence. Because plaintiff has failed to show that it would suffer "immediate and irreparable injury, loss, or damage" before defendant has the opportunity to be heard in opposition, the Court will deny its motion for an ex parte temporary restraining order.

The Court also finds that plaintiff's ex parte motion for seizure order should be denied. The Lanham Act allows courts to issue ex parte seizure orders in civil counterfeit cases, but provides that the court should not grant such an application unless several requirements are met, including that:

> it clearly appears from specific facts that . . . an immediate and irreparable injury will occur if such seizure is not ordered; . . . the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and . . . the person against whom seizure would be ordered . . . would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

15 U.S.C. § 1116(d)(4). For the same reasons that an ex parte temporary restraining order is not appropriate in this case, so too is an ex parte seizure order inappropriate. As discussed above, plaintiff has failed to show that an immediate and irreparable injury will occur. Additionally, the harm to plaintiff's goodwill and reputation does not outweigh defendant's legitimate interest in his property and privacy that would be violated if plaintiff were allowed to search his home and seize his assets. It is possible that defendant will attempt to destroy or hide evidence, but plaintiff has failed to show any reason that such an outcome is likely. Given the significant violation of defendant's rights that would occur were the Court to grant plaintiff's motion, that plaintiff has failed to show that conducting discovery through the normal course of civil litigation would likely be ineffective here, and the fact that much of plaintiff's continuing harm may be compensated with monetary damages, the Court denies plaintiff's motion for an ex parte seizure order.

Finally, plaintiff asks the Court to enter a preliminary injunction. A preliminary injunction may not be issued without notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Once plaintiff has provided the Court with proof of notice, it will enter a briefing schedule, and, if the Court finds it necessary after the briefs have been filed, it will schedule a hearing on this issue.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Ex Parte Motion for Temporary Restraining and Seizure Order and for Preliminary Injunction (Dkt. # 3) is **denied in part**; it is denied as to plaintiff's request for a temporary restraining order and seizure order.

Plaintiff's motion for a preliminary injunction will be addressed after defendant has been served and had the opportunity to respond to plaintiff's motion.

**DATED** this 26th day of May, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE