# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SATA GMBH & CO. KG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-0294-CVE-mjx |
| | ) |
| JERRY HAUBER, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Attorneys' Fees and Brief in Support (Dkt. # 29). Plaintiff asks the Court to enter a judgment of attorney fees in favor of plaintiff and against defendant in the amount of $34,550. Dkt. # 29, at 1. As defendant has not appeared or defended this case, the Court enters this opinion and order without waiting for a response to plaintiff's motion. See Gibson v. Simm Assocs., Inc., No. 14-CV-0730-CVE-FHM, 2015 WL 363898, at *1 (N.D. Okla. Jan. 27, 2015).

## I.

Plaintiff filed this case alleging that defendant sold counterfeit versions of plaintiff's paint spray guns. Dkt. # 2, at 8-10. Plaintiff asserted claims for trademark counterfeiting, trademark infringement, and false designation of origin/unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., common law trademark infringement and unfair competition, and design patent infringement pursuant to 35 U.S.C. § 289. Dkt. # 2, at 10-15. The same day it filed the complaint, plaintiff filed an ex parte motion for a temporary restraining order, seizure order, and preliminary injunction (ex parte motion). Dkt. # 3. The Court denied the ex parte motion as to the temporary restraining order and seizure order, and ordered that it would address plaintiff's motion

for a preliminary injunction once defendant had been served and provided an opportunity to respond to the motion. Dkt. # 8, at 3-4.

Defendant was served on May 30, 2017 by personal service. Dkt. # 12, at 1. After defendant was served, the Court ordered him to file, along with his answer or responsive pleading, a response to plaintiff's motion for preliminary injunction no later than June 20, 2017. Dkt. # 14. Defendant failed to file either a responsive pleading or a response to plaintiff's motion. On June 21, 2017, plaintiff asked the Court to grant its motion for preliminary injunction due to defendant's failure to answer. Dkt. # 16. The Court found plaintiff's motion for preliminary injunction moot because plaintiff was entitled to final relief under Rule 55 based on defendant's failure to answer or file a responsive pleading within 21 days of service as required by Rule 12(a). Dkt. # 17, at 1. The Court ordered plaintiff's counsel to proceed under Rule 55. Id. at 2.

Plaintiff filed a motion for entry of default (Dkt. # 18), which was denied because plaintiff failed to include information regarding defendant's military status or competency in the affidavit supporting its motion. Dkt. # 19. Plaintiff filed a second motion for entry of default (Dkt. # 20), and on June 29, 2017, the Clerk of the Court entered default against defendant. Dkt. # 23. On July 10, 2017, the Court advised plaintiff that it was appropriate for it to file a motion for default judgment at that time. Dkt. # 24. Plaintiff filed a motion for default judgment (Dkt. # 25), and the Court entered default judgment and a permanent injunction against defendant on July 18, 2017. Dkt. # 27. Plaintiff now asks the Court to enter a judgment of attorney fees in favor of plaintiff and against defendant in the amount of $34,550. Dkt. # 29, at 1.

**II.**

Plaintiff seeks attorney fees pursuant to the Lanham Act, which gives courts the discretion to award reasonable attorney fees to the prevailing party in "exceptional" trademark infringement cases. 15 U.S.C. § 1117(a). The Lanham Act gives no guidance on what is an exceptional case, but the Tenth Circuit has determined that an exceptional case is one in which the trademark infringement is "malicious, fraudulent, deliberate, or willful." United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1232 (10th Cir. 2000) (citing Bishop v. Equinox Int'l Corp., 154 F.3d 1220, 1224 (10th Cir. 1998)). The Court has already determined that defendant willfully used a counterfeit mark in violation of the Lanham Act. Dkt. # 29, at 2. Thus, the Court has the discretion to award plaintiff reasonable attorney fees in this case under § 1117(a).

**III.**

The Tenth Circuit has approved the lodestar method for calculating reasonable attorney fees under the Lanham Act. United Phosphorus, 205 F.3d at 1233. Using this method, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" results in a presumptively reasonable fee. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court may then adjust the lodestar based on other factors, such as the time and labor required, the novelty and difficulty of the case, skill required, the results obtained, and awards in similar cases. See Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); Homeward Bound, Inc. v. Hissom Mem'l Ctr., 963 F.2d 1352, 1356 (10th Cir. 1992) (noting that district courts should look to the factors set out in Johnson to guide their calculations and review of reasonable attorney fees). However, many of the these factors are properly "subsumed within the initial calculation of hours reasonably expended at a reasonable rate." Homeward Bound, 963 F.2d at 1356 (quoting Hensley,

463 U.S. at 434 n.9). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249 (10th Cir. 1998).

Plaintiff seeks $34,550 in attorney fees, representing 127.1 hours of work by two attorneys. Dkt. # 29. Steven A. Caloiaro, a lawyer[1] with six years experience as an intellectual property litigator, performed 110.6 hours of work at an hourly rate of $275. Dkt. # 29-1, at 7-16. George M. Miles, a partner with over 30 years experience as a litigator, performed 16.5 hours at an hourly rate of $250. Dkt. # 29-2, at 5. Plaintiff has submitted in support of its motion time records and declarations from both Caloiaro and Miles stating that the hours and rates billed are reasonable. See Dkt. ## 29-1, 29-2. The Court will first consider whether the rates billed are reasonable in this case.

**A.**

To determine whether an hourly rate is reasonable, courts look to "the prevailing market rate in the relevant community." Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)). "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983)). This is a patent and trademark infringement case that involves counterfeit paint spray guns. The Court

---

[1] Caloiaro moved to a different law firm while this case was pending. He performed 88.2 hours at Sekhon & O'Bryant PLLC and then 22.4 hours at Dickinson Wright PLLC. Dkt. # 29-1, at 7-17. Caloiaro is listed as Of Counsel at Dickinson Wright, but the Court cannot determine his title at Sekhon & O'Bryant. Given his relatively few years of experience, the most reasonable assumption is that Caloiaro was an associate when he performed the initial 88.2 hours of work on this case.

sees no reason why an out-of-state lawyer would be necessary to litigate these issues, and therefore, the fee rates of the Northern District of Oklahoma will be applied.

The Court finds that the hourly rate of $250 for Miles is reasonable. He is a partner at his law firm with decades of litigation experience, and an hourly rate of $250 is common for an experienced litigator in this district. See, e.g., McCrary v. Country Mut. Ins. Co., No. 13-CV-507-JED-PJC, 2016 WL 8118183, at *2 (N.D. Okla. June 22, 2016) ("This Court has routinely allowed hourly rates of $250 for commercial litigation."). However, Caloiaro's hourly rate is inconsistent with the local market. He has six years of experience and performed the majority of the work on this case presumably as an associate. See supra note 1. The Court will reduce Caloiaro's hourly rate to $175, which is consistent with the local market and reflective of his skill and experience. See Richards Grp., Inc. V. DecisionPoint Sys., Inc., No. 14-cv-575-TCK-TLW, 2016 WL 9086932, at *5 n.6 (N.D. Okla. Jan. 13, 2016) (noting that an hourly rate of $270 is inappropriate for a less experienced attorney).

**B.**

The Court next considers whether the hours billed by plaintiff's counsel are reasonable. Counsel for the fee applicant must submit meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks. Case, 157 F.2d at 1250. "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." Id. (quoting Jane L., 61 F.3d at 1510). Beyond the adequacy of the time records, the Court must also ensure that the attorneys for the fee applicant have exercised "billing judgment." Id. "Billing judgment consists of winnowing the hours actually expended down

5

to the hours reasonably expended." Id. Consideration of billing judgment requires two steps. First, a court looks at the specific tasks billed to determine whether they are properly chargeable. Second, the court considers the hours expended on each task to determine if they are reasonable. Id. This analysis requires the court to consider what is reasonable considering the particulars of that case. Id. (quoting Ramos, 713 F.2d at 553). Courts may reduce the reasonable hours awarded if "the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative." Id. (quoting Carter v. Sedgwick Cnty., Kan., 36 F.3d 952, 956 (10th Cir. 1994)) (alterations in original). Courts are not required to "identify and justify each disallowed hour" or "announce what hours are permitted for each legal task." Id. (quoting Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1202 (10th Cir. 1986)). "Instead, '[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.'" Id. (quoting Mares, 801 F.2d at 1203) (alteration in original).

There are several issues with the time records submitted by plaintiff's counsel. First, Caloiaro billed 5.2 hours on May 23, 2017 with no description of the work he performed. Dkt. # 29-1, at 13. Plaintiff is not entitled to fees for hours billed without a detailed description of what work was performed. Second, Miles's time records lack the detail necessary to determine whether the work billed was necessary to the case. Multiple entries list tasks such as "review docket," "review docket entry," "review motion," "review order, docket," "review court order," "review email from counsel," and "review email." Dkt. # 29-2, at 5. Miles also billed 2.5 hours for "review email; research email to counsel." Id. Without some idea of what documents Miles was reviewing or what issues he was researching, the Court has no idea whether these records reflect reasonable hours billed in this case.

6

Third, the time records of both Caloiaro and Miles contain block billing that prevents the Court from determining how much time was spent on specific tasks. "The term 'block billing' refers to the 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" Robinson v. City of Edmond, 160 F.3d 1275, 1285 n.9 (10th Cir. 1998) (quoting Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). Block billing "naturally and quite correctly raise[s] suspicions about whether all the work claimed was actually accomplished or whether it was necessary. This concern is particularly important in a situation where a party is seeking to have [its] opponent pay for [its own] lawyer[s'] work." Id. at 1284. A few of the descriptions in Miles's time records are block billed. For example, he billed 4.5 hours for "review email corresp from counsel; review pleadings and conform to local rules; prep motion and order pro hac vice, summons, cover sheet, info sheet." Dkt. # 29-2, at 5. However, the time records from Caloiaro are much more problematic in this respect. Caloiaro's time records are riddled with block billing, such as billing 6.4 hours for "Revise and edit T. Spaniol decl.; revise and edit Complaint; revise and edit the TRO; create side by side comparison and other supporting Spaniol exhibits" and 6.8 hours for "Finalize Baker Decl.; phone call with Baker; revise and edit spaniol decl.; draft TRO order; revise exhibit J to include only Hauber photos." Dkt. # 29-1, at 13. Caloiaro was the primary attorney, drafting all the documents plaintiff filed in this case, and his block billing prevents the Court from determining how much time was billed for preparing each document.

Moreover, plaintiff's counsel has failed to exercise billing judgment. Although the block billing obscures the precise number of hours billed for each task, a general sense of how much time was billed to many tasks can be determined, and there is a clear pattern of unreasonable billing

7

hours. For example, Caloiaro billed approximately 11 hours for drafting the complaint and 10 hours for researching and drafting the ex parte motion. These hours are particularly unreasonable here because the documents had largely been drafted before the start of this litigation. Approximately two-thirds of both the complaint and the ex parte motion are lifted verbatim from filings in cases plaintiff has filed against other alleged violators of the Lanham Act. Compare Dkt. ## 2, 3, with First Amended Complaint, SATA GmbH & Co. KG v. Wenzhou T&E Indus. Co., No. 13-CV-02042 (D. Nev. Nov. 6, 2013), and Plaintiff's Emergency Ex Parte Motion for Temporary Restraining and Seizure Order and for Preliminary Injunction, SATA GmbH & Co. KG v. Wenzhou T&E Indus. Co., No. 13-CV-02042 (D. Nev. Nov. 6, 2013). Some work was done on the documents for this case specifically; a section detailing the facts of the case were added to the complaint, and some minor changes and citation updates were done on the ex parte motion to account for precedent in the Tenth Circuit. But the hours billed do not reasonably reflect the work done. Caloiaro also billed 3 to 5 hours per declaration for drafting simple 2-page declarations, and billed over 17 hours for preparing a motion for default judgment. On top of the time billed for drafting each document, Caloiaro billed 7.2 hours for "Revise and edit all documents; finalize exhibits," 2.1 hours for "Finalize all documents send to SATA," and 6.2 hours for "Finalize remaining documents; organize seizure."[2] Dkt. # 29-1, at 13-14. The hours billed here are simply too high to be reasonable for the work that needed to be performed in this case.

This suit involved filing a complaint and an ultimately unsuccessful motion for a temporary restraining order, seizure order, and preliminary injunction, that were largely copied from prior filings. Defendant failed to defend himself, and default judgment was entered in favor of plaintiff.

---

[2] There was no seizure; the Court denied plaintiff's motion for seizure. See Dkt. # 8, at 3.

This is not a case in which over 100 hours should have been billed. The Court finds that a general reduction of 70% of the hours billed by both Caloiaro and Miles is appropriate, resulting in 33.18 hours of work for Caloiaro and 4.95 hours of work for Miles. In making this determination, the Court has considered the time records and declarations submitted in support of plaintiff's motion and the entirety of the circumstances of this suit, including the inadequacy the time records, the consistent over-billing, the time and skills necessary to properly litigate this case, the results obtained, and the lack of novelty of this suit.

An hourly rate of $175 for 33.18 hours for Caloiaro and $250 for 4.95 hours for Miles yields a lodestar amount of $7,044. The Court finds no reason to alter the lodestar amount.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Attorneys' Fees and Brief in Support (Dkt. # 29) is **granted in part and denied in part**, and attorney fees in the amount of $7,044 are awarded in favor of plaintiff, and against defendant. A separate judgment is entered herewith.

**DATED** this 7th day of August, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE